**SCURA, WIGFIELD, HEYER,**
**STEVENS & CAMMAROTA, LLP.**
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: 973-696-8391
David L. Stevens, Esq.
Email: dstevens@scura.com
*Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re:* | Case No. 24-16570-VFP |
| **GEORGE MORALES, JR.,** | Chapter 13 |
| Debtor. | Judge: Hon. Vincent F. Papalia |
| | Hearing Date:  October 17, 2024, 10:00am |

**CERTIFICATION OF DEBTOR IN SUPPORT OF MOTION FOR AN ORDER AUTHORIZING AND APPROVING: (I) THE SALE OF REAL PROPERTY; (II) PAYMENT OF PROFESSIONAL FEES FROM SALE PROCEEDS; (III) WAIVING THE FOURTEEN-DAY STAY PURSUANT TO FED. R. BANKR. P. 6004(h); AND (IV) GRANTING SUCH OTHER AND RELATED RELIEF.**

I, George Morales, Jr., being of full age, do hereby certify the following:

1.      I, George Morales, Jr. (the "Debtor"), am the debtor in the above captioned case and as such, am familiar with all facts referenced herein.

2.      I am filing this certification in support of the motion filed through my counsel, Scura, Wigfield, Heyer, Stevens & Cammarota, LLP (the "Motion") for an order authorizing the sale of real property located at 34 Boonstra Drive, Wayne, NJ 07470 (the "Property").

3.      On June 28, 2024 (the "Petition Date"), I commenced this case by filing a voluntary petition for relief under Chapter 13, Title 11 of the United States Code.

4.      The scheduled value of the Property on my bankruptcy petition is $800,000.00, which comes from a Certified Market Analysis value estimate of the Property.  A true and accurate copy of

the Certified Market Analysis is attached hereto as **Exhibit A**.  I own the property with my non-Debtor spouse.

5.      Through the efforts of my real estate agent, I and my non-Debtor spouse entered into a sales contract with a potential buyer on August 16, 2024.

6.      I and my non-Debtor spouse have entered a Real Estate Contract for Sale to sell the Property to Lyndia Louissaint-Broady (the "Purchaser") for $890,000.00 (the "Purchase Price"). A true and accurate copy of the Contract of Sale (the "Contract of Sale") is attached hereto as **Exhibit B**.

7.      The Purchase Price is over the Certified Market Analysis estimated value of $800,000.00.  See, Exhibit A.

8.      The proposed sale is in my best interest and enables me to complete my Chapter 13 plan.

9.      The proposed buyer was not known to me prior to the introduction through the realtor.

10.     No other agreements exist between me and the buyer save for the Contract of Sale and the agreed upon Riders (together, the "Purchase Agreement").

11.     The sale of the Property is also contingent upon the Buyer's ability to sell the real property, 896 Willoughby Avenue, Brooklyn, New York.

12.     The Property is currently subject to three secured claims: (1) a mortgage lien held by a mortgage lien held by Lakeview Loan Servicing, LLC and serviced by Flagstar Bank, N.A. ("Flagstar"), (2) a second mortgage lien held by the U.S. Department of Housing and Urban Development, and (3) tax liens asserted in proofs of claims filed by the State of New Jersey Department of Taxation and the Internal Revenue Service.

13.     Flagstar filed proof of claim number 21 in the amount of $524,897.81, and which was scheduled as $515,581.00.

14.    The U.S. Department of Housing and Urban Development filed proof of claim number 2 listing a secured claim in the amount of $19,723.07 and asserting it is secured by the Property based upon a recorded mortgage.

15.    The New Jersey Department of the Treasury Division of Taxation filed proof of claim number 23 listing a secured claim in the amount of $55,179.47 and asserting it is secured by the Property.

16.    The Internal Revenue Service filed proof of claim number 6 asserting that $25,621.05 of its claim is secured by the Property.

17.    The Purchase Price is sufficient to pay all creditors asserting a lien in full upon the sale of the Property.

18.    On August 19,2024, this Court entered an Order Authorizing the Retention of Giovanna Meli, (the "Realtor") who assisted me with the listing and marketing of the Property. See Dkt. No. 23.

19.    Pursuant to the Application for Retention of the Professional Giovanna Meli, the Realtor will be paid a 4.5% percent commission from the sale of the Property.  No compensation to the Realtor will be paid by me nor will any claim by the realtor be allowed against the Bankruptcy Estate.

20.    My real estate attorney Johnathan D. Sherman, Esq. of Ansell Grimm & Aaron, PC filed an application to be retained on September 27, 2024 and seeks a fee of $1,950.00 which is to be paid out of the proceeds of sale subject to court approval. (Dkt. 34).

21.    A sound business judgment exists for this sale:  the sale will enable the satisfaction of the creditors secured against the Property, and I will use the net sale proceeds to fund my Chapter 13 plan.

22.    Therefore, I respectfully request Bankruptcy Court approval of the Purchase Agreement and authorization to sell the Property for the price stated therein.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of these statements are willfully false, I am subject to punishment.

Dated: October 7, 2024                                    /s/ George Morales, Jr.
                                                                      George Morales, Jr.,