**SCURA, WIGFIELD, HEYER,**
**STEVENS & CAMMAROTA, LLP.**
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: 973-696-8391
Paul S. Evangelista, Esq.
Email: pevangelista@scura.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re:* | Case No. 24-16570-VFP |
| **GEORGE MORALES, JR.,** | Chapter 13 |
| Debtor. | Judge: Hon. Vincent F. Papalia |
| | Hearing Date: October 17, 2024, 10:00am |

**RESPONSE OF THE DEBTOR TO THE CHAPTER 13 STANDING**
**TRUSTEE'S LIMITED OBJECTION TO SELL THE PROPERTY**

George Morales, Jr. (the "Debtor"), by and through his counsel, Scura, Wigfield, Heyer, Stevens & Cammarota, LLP, respectfully represents:

1. The Chapter 13 Standing Trustee has filed a limited objection to the Debtor's Motion for an Order Authorizing and Approving: (I) the Sale of Real Property; (II) Payment of Professional Fees from Sale Proceeds; (III) Waiving the Fourteen-Day Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (IV) Granting Other and Related Relief (the "Sale Motion").

2. The Trustee seeks proof or other verification that the secured tax liens of the State of New Jersey and Internal Revenue Service are the sole responsibility of the Debtor and not shared with the non-filing spouse.

3. The proof of claim for the IRS asserts tax liens for tax years 2015, 2016 and 2017. The Debtor and non-filing spouse were married on September 2, 2017. In addition, the Debtor filed returns individually for these years. As such, liability for these tax liens is not shared.

4. The State of New Jersey, in its proof of claim, asserts secured tax liens for tax years

2017, 2018, 2019, 2020 and 2021.  Likewise, these tax periods either pre-dated the Debtor's marriage to the non-filing spouse or the returns were filed by the Debtor as "married filing separately".  As such, liability for the State's tax liens are solely the responsibility of the Debtor.

    5.   The Debtor has made all above-referenced returns available for the Trustee's review.

WHEREFORE, the Debtor respectfully requests the entry of order effective immediately (a) authorizing the sale of Property in accordance with the Purchase Agreement to be entered into by the Debtor and Purchasers; (b) authorizing all actions necessary to convey title to the Property as proposed; (c) authorizing payment to retained professionals at closing, and (d) waiving the fourteen-day stay pursuant to Fed. R. Bankr. P. 6004(h).

                                          **SCURA, WIGFIELD, HEYER,**
                                          **STEVENS & CAMMAROTA, LLP.**
                                          Attorneys for Debtor

Dated: October 16, 2024                          By: /s/    *Paul S. Evangelista*
                                                        Paul S. Evangelista, Esq.